HAROLD R. DeMOSS, JR., Circuit Judge,
dissenting:
In my judgment, the proper disposition of this appeal would be for this court to affirm the district court’s October 30, 2012 decision which ordered that the children be returned to the custody of their mother pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (“the Hague Convention”). See 42 U.S.C. § 11601, et. seq.
As the district court acknowledged, this case is peculiar because collateral to their mother’s Hague Convention action .in the district court the boys were seeking asylum in administrative proceedings. After the district court issued its order, the boys were granted asylum. I am unaware of any controlling authority which indicates that a. grant of asylum necessarily precludes the return of a child under the Hague Convention.
Turning to the Hague Convention analysis, the district court determined that Mexico was the children’s country of habitual residence, that their mother had rights of custody, that the' children were being wrongfully retained, that the mother was exercising her custodial rights or would have been exercising those rights absent the removal or retention, and that no exceptions to returning the children were applicable. The record reflects that the district court spent a tremendous amount of time and effort considering whether exceptions to returning the children under the Hague Convention were applicable. The district court went as far as interviewing the two older children. Ultimately, I am unpersuaded that the district court erred in finding that the exceptions to the Hague Convention were inapplicable.
Finally, I want to address the fact that the mother filed her case under the Hague Convention nearly a year after the boys left Mexico. In my mind, such a delay is *959 likely attributable to the facts of this case. It appears as though the mother is a woman of limited, means, and after leaving Mexico the children have been shuffled between various administrative agencies and foster organizations. Given these facts, it is no wonder that it took the mother several months to file a lawsuit. As the majority notes, the United States has certain responsibilities under the Hague Convention. I urge the Department of State, the designated Central Authority, to fully comply with its statutory duties. See id. at § 11606; Exec. Order No. 12,648, 3 C.F.R. 579 (1988).